*429
 
 Henderson, Judge.
 

 A commission upon tiie sale of lands is
 
 an interest in the devise of lands,
 
 and disqualifies an attesting witness to the will from giving evidence in its support. The acl of 1784,
 
 (Rev. ch.
 
 204,) regards the competency of the witness at the time of his attestation, and therefore his competency cannot be restored by iiis afterwards becoming disinterested, by a release or any other means. Both of'these points were settled in the case of
 
 Allison
 
 v.
 
 Allison,
 
 (4
 
 Hawks
 
 141,) decided in this Court. There commissions were expressly given by the wrili to the witness ; by this will commissions are not given. It is worthy of consideration, whether the executor is entitled to any commissions for executing this will, so far as regards the sale of'the lands; in doing this he acts
 
 as trustee,
 
 not as executor. The Court ¡nay possibly allow commissions, but the act of 1799,
 
 {Rev. ch.
 
 536,) is not imperative on the subject, for that act may be confined to such cases as fall within his office of executor. I may put too rigid a construction upon the act, for Í confess that much observation on the effects of allowing commissions to those entrusted with the management of dead men’s estates, and often seeing them eaten up by the managers, has induced mo the more to approve of, and admire the maxim of the common law, that compensation for services shall not be made, unless there is a contract for it, express or implied ; hence the rule in equity, that a trustee is entitled to no compensation, but only to a remuneration for actual disbursements. Talcing it however for granted, that this executor is entitled to commissions upon the saie of the lands, yet as his renunciation of the executorship operates as a release of them, he being the only person named executor in the will, the'competency of his wife as a witness to the will is thereby restored. The attesting witness is excluded from giving testimony, by the act of 1794, solely on the ground of interest. If therefore. person was infamous at the time of attestation, and before giving evidence
 
 *430
 
 siiould be. restored'to credit, I presume that he is made competent: for the common law regards the situation
 
 n , .
 
 . . i ” , oi the witness, as respects his competency, when he gives evidence, and not at the time when he acquired his information. The wife of flip executor in this case, had no interest; she could claim nothing from the result of this suit. It is true her husband independently of his release could, but what is his is not hers, it is at his, and not at her disposal. It is true that she cannot be a witness in any case where her husband has an interest, and some have gone so far as to hold, that she is incompetent to contradict what he had previously sworn. Her incom-pelency is not founded on the ground of her interest, but upon principles of policy ; for she is as incompetent to swear against her husband, (however willing she may he to do so,) as to swear for him, unless in personal injuries to herself — her declarations are inadmissible against him ; which they would not be, if she was excluded on the ground of interest, and because they are one flesh, and if what was his was hers. It requires neither argument nor authority to prove, that it is a reason of policy anti not her interest, which excludes her. Neither will I enter into an argument to prove, that the relation of wife does riot so pervert the heart, or mislead the understanding, as to render )ut aUc-Uatinn of a will of lands as unsafe, as that of her husband, it is sufficient that I find the law plainly so written in the act ol 1784 ; she is not interested in the d<\tse ot the lands.
 

 I think therelore, there should be a new trial.
 

 Per Curiam. — Judgment reversed.